UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

URIAH L. OLIVER,

        Plaintiff,

        v.                           Case No. 22-C-797

NICHOLAS BROOKS,
JOSHUA WILSON, and
NP CAROLYN,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Uriah L. Oliver, who is currently serving a state sentence at Kenosha County Detention Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Oliver's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Oliver has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Oliver has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2) and has been assessed and paid an initial partial filing fee of $32.41. Oliver's motion for leave to proceed without prepaying the filing fee will be granted.

#### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Oliver asserts that on May 24, 2022, Kenosha County Sheriff's Deputies Nicholas Brooks and Joshua Wilson both tased him in his left leg simultaneously for an excessive amount of time even though he had stopped fleeing and had raised his hands to show them he had nothing that posed a threat to them. Oliver states that he was taken to the hospital because his leg was numb. He was cleared to be released to the Kenosha County Jail.

According to Oliver, he notified jail staff that his leg hurt. After a few days, he was prescribed Tylenol and ibuprofen, which he states was not helpful. Oliver notes that he filed multiple requests to be seen by medical staff. On June 8, 2022, Defendant Nurse Practitioner Carolyn denied him stronger pain medication because his leg was not swollen. According to Oliver, he has had to wait longer than other inmates to be examined by medical staff.

## THE COURT'S ANALYSIS

A claim of excessive force to effect an arrest is analyzed under the Fourth Amendment. *Tennessee v. Garner*, 471 U.S. 1, 7–8 (1985). The Court applies an objective reasonableness standard, considering the reasonableness of the force used in light of all the circumstances confronting the officer at the time. *See Horton v. Pobjecky*, 883 F.3d 941, 949-50 (7th Cir. 2018) (citations omitted). Oliver may proceed on a Fourth Amendment excessive force claim based on his assertions that Brooks and Wilson's simultaneous use of their tasers was unreasonable given that he had stopped fleeing and it was obvious he posed no threat to them.

Oliver does not, however, state a claim against NP Carolyn based on assertions that she refused to provide him stronger pain medication. Oliver was a pretrial detainee at the relevant time, so a claim related to his medical care arises under the Fourteenth Amendment. Under *Miranda v. County of Lake*, such claims are subject to the objective unreasonableness standard.

3

900 F.3d 335, 352 (7th Cir. 2018). To state a claim, the Court must be able to reasonably infer from Oliver's allegations that NP Carolyn "acted purposefully, knowingly, or perhaps even recklessly" when she considered the consequences of her handling of his care and that the challenged conduct was objectively unreasonable. *McCann v. Ogle County, Ill.*, 909 F.3d 881, 886 (7th Cir. 2018) (citations omitted).

Oliver highlights that he had to wait more than a week to be examined by NP Carolyn, but nothing in the complaint suggests that she was responsible for that delay. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (holding that for an individual to be liable under §1983, the individual must have been personally involved in the alleged constitutional violation). Further, while waiting for his appointment with an advanced care provider, he was given Tylenol and ibuprofen, the only pain medication nurses could provide. Once NP Carolyn examined Oliver, she determined that, because there was no swelling, stronger pain medication was not warranted at that time. Oliver does not explain if he was examined by NP Carolyn again, how he described his pain to her, whether the pain interfered with his daily activities, or whether his pain eventually resolved. Without more, the Court cannot reasonably infer that NP Carolyn's decision not to prescribe stronger pain medication the first time she examined him simply because Oliver demanded it was objectively unreasonable. *See, e.g., Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011) ("an inmate is not entitled to demand specific care and is not entitled to the best care possible").

**IT IS THEREFORE ORDERED** that Oliver's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Oliver's claim against NP Carolyn is **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Nicholas Brooks and Joshua Wilson pursuant to Federal Rule of

4

Civil Procedure 4. Oliver is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Oliver shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Oliver shall collect from his institution trust account the $317.59 balance of the filing fee by collecting monthly payments from Oliver's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Oliver is transferred to another institution, the transferring institution shall forward a copy of this Order along with Oliver's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Oliver is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Oliver is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Oliver may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 26th day of July, 2022.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge